**BROWN RUDNICK LLP**
David J. Molton, Esq.
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
(212) 209-4800

-and-

Sunni P. Beville, Esq.
Robert L. Harris, Esq.
Nicolas M. Dunn, Esq.
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

*Counsel to Charles Russell, LLP, London, as
External Administrator of Awal Bank, BSC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AWAL BANK, BSC,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-15923 (ALG) |
| In re:<br><br>AWAL BANK, BSC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-15518 (ALG) |

**MOTION OF CHARLES RUSSELL, LLP, LONDON, AS EXTERNAL
ADMINISTRATOR OF AWAL BANK, BSC, FOR ENTRY OF AN
<u>ORDER ESTABLISHING PROTOCOL FOR CHAPTER 11 CASE</u>**

Charles Russell, LLP, London ("<u>Charles Russell</u>" or the "<u>External Administrator</u>"), as duly authorized foreign representative as defined by 11 U.S.C. §

1

101(24) and as External Administrator of Awal Bank, BSC ("Awal Bank") in a Kingdom of Bahrain administration (the "Foreign Proceeding") recognized under 11 U.S.C § 1517(b)(1) as a foreign main proceeding pursuant to the Order Granting Recognition Of Foreign Main Proceeding And Relief In Aid Thereof, dated October 27, 2009 (the "Recognition Order"), by its United States counsel, Brown Rudnick LLP, hereby moves this Court (the "Motion") for an order establishing efficient case protocol, including, among other things, statutory administration guidelines and procedures.

Due to the very limited scope of the Chapter 11 Case, the External Administrator seeks an order in the Chapter 11 Case that will aid in the efficiency of the Cases and cooperation with the Foreign Proceeding's administration of Awal Bank's worldwide assets. The External Administrator's primary goal is to ensure the interests of Awal Bank's creditors are protected through the identification of outstanding claims and development of proposals for satisfying those claims to the extent permitted by realizing upon the assets of Awal Bank, which assets may then be distributed in accordance with the priority and distribution scheme of the CBBFIL. With assets spread throughout the world, but focused in the Middle East, the Caribbean, and Europe, cooperation and coordination with United States courts is necessary to accomplish this goal.

In support of this Motion, the External Administrator states as follows:[1]

---

[1] In further support of this Motion, please see the Declaration of Stewart Hey, as Representative of Charles Russell, LLP, London, as External Administrator of Awal Bank, BSC, in Administration, In Support of the Chapter 11 Petition and Related Motion for Relief (the "Hey Chapter 11 Declaration") filed contemporaneously herewith.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

### A. The Foreign Proceeding and Chapter 15 Case

2. Awal Bank is a foreign banking corporation in the Kingdom of Bahrain. Its principal business involves the investment of assets it holds in Bahrain and throughout the world. Its counterparties and customers are primarily other banks located mainly in the Middle East and Europe.

3. Prior to the commencement of the Foreign Proceeding, a dispute arose between two Saudi Arabian family conglomerates—the Saad Group (of which Awal Bank is a part) and the Al Gosaibi Group. The dispute involves, among other things, allegations that Maan Abdulwaheed Al Sanea ("Al Sanea"), the controlling shareholder of Awal Bank, orchestrated a fraud in which he obtained loans from foreign banks using forged and falsified documents and then diverted the funds received for his own use. Litigation regarding this dispute is ongoing in multiple foreign fora, including New York, Saudi Arabia and the Cayman Islands. As set forth more fully below, Awal Bank was named as a third-party defendant in the New York litigation. In light of the magnitude of the litigation and the global economic crisis, Awal Bank began experiencing a liquidity squeeze.

4. The Central Bank of Bahrain ("CBB") is the government entity responsible for regulating the financial services industry in Bahrain. See Decree Law

No. 64 of 2006, the Central Bank of Bahrain and Financial Institutions Law ("CBBFIL"), art. 4(4). By Resolution No. 38 of 2009, dated July 30, 2009, the Governor of the CBB, acting under the authority of the CBBFIL, placed Awal Bank in administration, thereby commencing the Foreign Proceeding in Bahrain. By Resolution No. 44 of 2009, dated August 6, 2009, the Governor of the CBB appointed Charles Russell, based in London, England, to serve as External Administrator of Awal Bank. Consistent with the CBBFIL, the External Administrator has all the powers necessary for the management and running of the business of Awal Bank. See CBBFIL, art. 140(a). Moreover, the CBBFIL empowers the External Administrator to collect all assets of Awal Bank, wherever located. See Part 10 of CBBFIL.[2]

5. As part of the External Administrator's efforts to equitably administer Awal Bank's worldwide assets pursuant to the Foreign Proceeding's supervision, on September 30, 2009 (the "Petition Date"), the External Administrator filed a Verified Petition For Recognition Of Foreign Proceeding And Motion For Provisional Relief, thereby commencing the case (the "Chapter 15 Case") under chapter 15 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). See 11 U.S.C. §§ 1504 and 1515. Shortly thereafter, on October 27, 2009, this Court signed the Recognition Order, stating that Charles Russell, acting as the External Administrator, is the duly appointed foreign representative of the Debtor and granting the Foreign Proceeding recognition as a foreign main proceeding.

6. Since the Petition Date, the External Administrator has been duly and continuously operating and managing the Debtor's business and property located in the

---

[2] See Exhibit B to Hey Chapter 11 Declaration for the English translation of the relevant excerpts of the CBBFIL.

4

United States pursuant to the rights and duties bestowed on it as the chapter 15 foreign representative. See, e.g., 11 U.S.C. § 1520(a)(3) ("unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552"); 11 U.S.C. § 1524 ("Upon recognition of a foreign proceeding, the foreign representative may intervene in any proceedings in a State or Federal court in the United States in which the debtor is a party.").

  **B. New York State Court Action**

  7. Prior to the commencement of the Foreign Proceeding, on July 15, 2009, one of Awal Bank's largest creditors, Ahmad Hamad Al Gosaibi & Brothers Company ("AHAB"), a partnership based in the Kingdom of Saudi Arabia, commenced a New York state court action styled as *Ahmed Hamada Al Gosaibi & Brothers Company v. Maan Abdulwaheed Al Sanea and Awal Bank BSC*, Index No. 590643/2009 (Sup. Ct. N.Y. County) (Lowe, J.) (the "AHAB NY Action"). The AHAB NY Action alleges, among other things, that Awal Bank and Al Sanea, the previous Chairman of the Board of Directors and the Executive Committee of Awal Bank, have an obligation to indemnify AHAB against any judgment entered against AHAB in an action filed in May 2009 in New York Supreme Court, styled as *Mashreqbank v. Ahmed Hamad Al Gosaibi & Brothers Company*, Index. No. 601650/2009 (together with the related actions filed in New York Court Supreme Court, the "New York State Court Actions") in which plaintiff is seeking $150 million plus costs and interests against AHAB. AHAB, in turn, seeks indemnification of that amount, plus $1 billion in damages, from Al Sanea and Awal Bank pursuant to the AHAB NY Action.

8. Pursuant to Bankruptcy Code Sections 1520(a) and 1521(a)(1), the recognition of the Foreign Proceeding as a foreign main proceeding by the Court stayed the AHAB NY Action as against Awal Bank. On July 26, 2010, Hon. Richard B. Lowe III issued a decision, *inter alia*, dismissing the AHAB NY Action against Awal Bank and Al Sanea on the grounds of *forum non conveniens* and dismissing other claims in the remaining New York State Court Actions (the "Dismissal Order"). AHAB appealed the Dismissal Order as relates to the other New York State Court Actions, but did not appeal the dismissal of the AHAB NY Action against Al Sanea and Awal Bank.

C. **The Chapter 11 Case**

9. In furtherance of its efforts to administer the assets of Awal Bank, the External Administrator identified potential preferential and other transfers detrimental to Awal Bank's creditors. As a result, the External Administrator determined it was in the best interests of the creditors of Awal Bank to commence a chapter 11 case to pursue potential avoidance actions.

10. Thus, on October 21, 2010 (the "Chapter 11 Petition Date"), Charles Russell, as the External Administrator and duly authorized foreign representative, filed a subsequent petition for relief under chapter 11 of the Bankruptcy Code pursuant to Bankruptcy Code Sections 1511(a)(2) and 301 (the "Chapter 11 Petition"), thereby commencing this chapter 11 case (the "Chapter 11 Case," and together with the Chapter 15 Case, the "Cases"). See 11 U.S.C. § 1511(a)(2) ("a foreign representative may commence . . . a voluntary case under section 301 . . . if the foreign proceeding is a foreign main proceeding"). Pursuant to Bankruptcy Code Section 1523(a), Charles Russell, as the External Administrator and duly authorized foreign representative, has

standing in the Chapter 11 Case to bring actions to avoid prepetition transfers detrimental to Awal Bank's creditors under Bankruptcy Code Sections 522, 544, 545, 547, 548, 550, 553, and 724(a).

11. Upon the filing of the voluntary Chapter 11 Case, Awal Bank became a "debtor in possession" as defined in Bankruptcy Code Section 1101(1). See In re Penick Pharmaceutical, Inc., 227 B.R. 229, 232 (Bankr. S.D.N.Y. 1998) ("Upon the filing of a voluntary chapter 11 petition, a debtor *automatically* becomes 'debtor in possession.'") (emphasis added). Charles Russell, as foreign representative and External Administrator of the debtor in possession in the Chapter 11 Case, is operating the Debtor's business and managing the Debtor's property located in the United States pursuant to Bankruptcy Code Sections 1107(a) and 1108.

12. Pursuant to Bankruptcy Code Section 1528, the effects of the Chapter 11 Case are restricted to (i) the Debtor's assets within the territorial jurisdiction of the United States (the "US Assets"), and (ii) to the extent necessary to implement cooperation and coordination with the Foreign Proceeding, all other assets of the Debtor that are within the jurisdiction of this Court under Bankruptcy Code Section 541(a) and section 1334(e) of title 28 of the United States Code and not subject to the jurisdiction and control of the Foreign Proceeding (the "Non-US Assets," together with the US Assets, the "Chapter 11 Assets"). See 11 U.S.C. § 1528.

## RELIEF REQUESTED

13. Due to the very limited scope of the Chapter 11 Case, the External Administrator seeks an order in the Chapter 11 Case that will aid in the efficiency of the Cases and cooperation with the Foreign Proceeding's administration of Awal Bank's

worldwide assets.  Given the global reach of the administration of Awal Bank and the logistical difficulties in actively managing litigation commenced in a number of different jurisdictions, the External Administrator believes that it is necessary and in the best interests of creditors and all others affected thereby for all cases and proceedings pending world-wide to be centralized and coordinated with the Foreign Proceeding.  The External Administrator believes the following requests for relief will streamline the administration of the Chapter 11 estate and otherwise help to effectuate those goals in an efficient and fair manner.

### A. Statutory Rules for Case Administration

14. Chapter 15 of the Bankruptcy Code sets forth the parameters for recognition of, and cooperation with, foreign insolvency proceedings by the United States bankruptcy courts consistent with the principles of comity previously espoused in Bankruptcy Code Section 304.  Accordingly, as set forth more fully above, the External Administrator respectfully requests the Court to acknowledge:

(a) Charles Russell, as External Administrator and duly authorized foreign representative, has standing in the Chapter 11 Case to bring avoidance and other actions available to a trustee pursuant to Bankruptcy Code Sections 1521(a)(7) and 1523(a);

(b) Charles Russell, as External Administrator and duly authorized foreign representative of the debtor in possession, is operating the Debtor's business and managing the Debtor's property located in the United States pursuant to Bankruptcy Code Sections 1107(a) and 1108 in the Chapter 11 Case; and

(c) the effects of the Chapter 11 Case are restricted to the Chapter 11 Assets pursuant to Bankruptcy Code Section 1528.

15. In addition, the External Administrator respectfully requests the Court grant the following additional relief necessary to efficiently administer the Chapter 11 Assets and to maintain a streamlined and centralized administration of all of Awal Bank's assets in the Foreign Proceeding.

### B. Administration and Distribution of Chapter 11 Assets

16. In light of the extensive process of administering Awal Bank's assets and liabilities currently underway in the Foreign Proceeding and the limited nature of the Chapter 11 Case, the External Administrator respectfully asserts that pursuant to Bankruptcy Code Sections 1521(a)(5) and (b) (with regards to the US Assets), and Bankruptcy Code Sections 1525 and 1527 (with regards to the Non-US Assets), distribution of the proceeds, if any, of the Chapter 11 Assets shall be entrusted to Charles Russell, acting as External Administrator and duly authorized foreign representative, for distribution in accordance with the statutory provisions of the CBBFIL  This relief is particularly apt considering that the claims resolution process is well underway in the Foreign Proceeding, as all creditors seeking recoveries from Awal Bank have already filed proofs of claim against Awal Bank with the expectation that distribution of Awal Bank's worldwide assets will be made in accordance with the priority and distribution scheme set forth in the CBBFIL.  Moreover, Bankruptcy Code Section 1522 provides sufficient protection to all creditors and other interested parties affected by the Chapter 11 Case.  Notably, in connection with this relief, a plan of reorganization (or liquidation) is not likely to be filed in this Chapter 11 Case because the distribution of the Chapter 11

Assets will ultimately be administered in accordance with the statutory provisions of the CBBFIL.

17. Similarly, to ensure equality of treatment of all of Awal Bank's creditors and professionals, the External Administrator respectfully requests that the retention and compensation of professionals typically retained under Bankruptcy Code Section 327 and paid in accordance with Bankruptcy Code Sections 328, 329 and/or 330 continue to be governed by, and subject to the jurisdiction of, the Foreign Proceeding. As a result, the External Administrator requests that any such professionals need not file motions with the Court for such retention and compensation in light of the continued supervision and oversight by the External Administrator and the Foreign Proceeding of services rendered and fees to be paid.

**C.      Appointment of Official Creditors' Committee, Information Sharing Protocol and Confidentiality Concerns**

18. In the Foreign Proceeding, the External Administrator has adopted a good and workable protocol for sharing information with creditors. First, subject to the execution of a confidentiality agreement, all creditors that file a proof of claim in the Foreign Proceeding are invited to attend a quarterly meeting with the External Administrator and the CBB whereby creditors receive a presentation providing an update regarding the status of the administration of Awal Bank's assets and all attendees are given an opportunity to voice concerns and raise issues relating to the administration of Awal Bank's assets. All of the creditors listed on the Top 20 Creditors' List, in addition to many other creditors, are represented at these quarterly meetings.

19. Second, in the Foreign Proceeding, an informal creditors' committee ("ICC")[3] consisting of five of the largest creditors serves as a sounding board through which the External Administrator and the CBB receive creditor feedback regarding various case administration issues. As such, the ICC serves a function quite similar to that of an official committee of unsecured creditors appointed under Bankruptcy Code Section 1102.

20. Accordingly, the creation of an official committee of unsecured creditors in the Chapter 11 Case would be an additional, duplicative burden on the Debtor's estate because any such committee would be performing services redundant to the services provided by the ICC in the Foreign Proceeding and pertinent case information is already provided to creditors at the quarterly creditors' meetings. Given that the Foreign Proceeding already involves all known United States creditors, and in light of the limited scope of the Chapter 11 Case and deference due to the Foreign Proceeding in the spirit of comity, the External Administrator respectfully asserts that the Court direct the United States Trustee not to appoint an official committee of unsecured creditors in the Chapter 11 Case.

21. Moreover, in light of the confidentiality restrictions imposed on creditors in the Foreign Proceeding (*i.e.*, requirement that creditors sign confidentiality agreements to participate in creditors' meetings and to receive certain case information), the External Administrator respectfully requests that the Court recognize that the External Administrator, in its sole discretion, may require creditors to sign confidentiality agreements to receive information related to the Chapter 11 Case. In the Foreign

---

[3] Members of the ICC include Abu Dhabi Islamic Bank, Calyon (a subsidiary of Credit Agricole), Commerzbank/Dresdner, Gulf International Bank and HSBC. The ICC also represents approximately 40 other creditors, nearly all based in the Middle East or Europe.

Proceeding, confidentiality is a key factor in maintaining the stability and efficiency of the administration of Awal Bank. Allowing creditors to circumvent the established protocol in the Foreign Proceeding by appearing in the Chapter 11 Case and receiving confidential information outside of a confidentiality agreement would disrupt the integrity of the Foreign Proceeding and violate the mandated efforts to coordinate concurrent proceedings as provided in Bankruptcy Code Sections 1525 and 1527.

22. Likewise, Bankruptcy Code Section 521(a)(1)(B) and Bankruptcy Rule 1007(b) contemplate that there may be certain circumstances where the court may relieve a debtor of the obligation to file certain schedules and statements relating to its finances and affairs. This Chapter 11 Case is one such circumstance. Here, in the Foreign Proceeding, creditor-by-creditor claim information is treated as highly confidential and has not been provided to any creditors in the Foreign Proceeding, even those subject to a confidentiality agreement, to protect the interests of both Awal Bank and the individual creditors. In light of the ongoing litigation in multiple foreign jurisdictions and the sensitivity of the nature and amount of the various bank claims, the public availability of this information would be detrimental to both the individual creditors and Awal Bank. Moreover, as noted above, creditors have already filed proofs of claim in the Foreign Proceeding with the expectation that, notwithstanding litigation pending in multiple foreign fora, any distributions of Awal Bank's assets will be made in accordance with the statutory provisions of the CBBFIL. Thus, in recognition of the Foreign Proceeding's treatment of the confidential information to be provided in the schedules and in light of the fact that the claims resolution process is already well underway in the Foreign Proceeding, the External Administrator respectfully requests in the spirit of comity that

the Court relieve the External Administrator from the obligation to file the schedules and statements required under Bankruptcy Code Section 521(a)(1)(B) and Rule 1007(b).[4]

## NOTICE

23. The External Administrator proposes to serve this motion, and if an order is entered, a copy of the order, upon parties in interest in accordance with the notice procedures already established in the Case. In light of the nature of the relief requested herein, the External Administrator submits that no other or further notice is required.

## WAIVER OF MEMORANDUM OF LAW

24. In accordance with Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, no separate memorandum of law is necessary as all authorities relied on in support of this motion are set forth herein.

## NO PRIOR REQUEST

25. No prior application for the relief requested herein has been made to this or any other court.

---

[4] Notwithstanding the External Administrator's request to be relieved of the obligation to publicly file such statements and schedules, the External Administrator will deliver fully completed statements and schedules to the Court and/or United States Trustee upon request.

WHEREFORE, the External Administrator respectfully requests an entry of an order in this Chapter 11 Case, in the form attached hereto as <u>Exhibit</u> <u>A</u>, establishing efficient case protocol, and such other and further relief as is just and proper.

Dated: October 22, 2010
      New York, New York

      /s/ David J. Molton
David J. Molton
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801

and

Sunni P. Beville
Robert L. Harris
Nicolas M. Dunn
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Tel: (617) 856-8200
Fax: (617) 856-8201

*Attorneys for Charles Russell, LLP, London, as External Administrator of Awal Bank, BSC*

# 1779317 v8