**BROWN RUDNICK LLP**
David J. Molton, Esq.
Brown Rudnick LLP
Seven Times Square
New York, New York 10036
(212) 209-4800

-and-

Sunni P. Beville, Esq.
Robert L. Harris, Esq.
Nicolas M. Dunn, Esq.
One Financial Center
Boston, Massachusetts 02111
(617) 856-8200

*Counsel to Charles Russell, LLP, London, as
External Administrator of Awal Bank, BSC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>AWAL BANK, BSC,<br><br>    Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 09-15923 (ALG) |
| In re:<br><br>AWAL BANK, BSC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 10-15518 (ALG) |

**DECLARATION OF STEWART HEY AS REPRESENTATIVE OF
CHARLES RUSSELL, LLP, LONDON, AS EXTERNAL ADMINISTRATOR OF AWAL
BANK, BSC, IN ADMINISTRATION, IN SUPPORT OF CHAPTER 11 PETITION AND
<u>RELATED MOTION FOR RELIEF</u>**

STEWART HEY, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I, Stewart Hey, as a partner of the law firm Charles Russell LLP, London ("Charles Russell" or the "External Administrator"), the duly authorized foreign representative as defined by 11 U.S.C. § 101(24) and External Administrator of Awal Bank, BSC ("Awal Bank") in a Kingdom of Bahrain administration (the "Foreign Proceeding") recognized under 11 U.S.C § 1517(b)(1) as a foreign main proceeding pursuant to the Order Granting Recognition Of Foreign Main Proceeding And Relief In Aid Thereof, dated October 27, 2009 (the "Recognition Order"), hereby submits this declaration (the "Declaration") in support of Charles Russell's subsequent petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. I am a solicitor of the Supreme Court of England and Wales. I am one of the Charles Russell partners who are leading the engagement regarding Awal Bank. I have been duly authorized to make this Declaration on behalf of Charles Russell.

3. Charles Russell did not control or possess information relating to Awal Bank prior to becoming External Administrator. Matters stated in this Declaration that are statements of fact within my personal knowledge are true, having been derived from either documents received following Charles Russell's appointment as External Administrator or information passed to Charles Russell in their role as External Administrator. Matters stated in this Declaration that are facts not within my personal knowledge are derived from either documents or information supplied to Charles Russell and are true to the best of my knowledge, information and belief.

A. **The Foreign Proceeding in Bahrain and the Chapter 15 Case**

4. Awal Bank is a foreign banking corporation in the Kingdom of Bahrain. Its principal business involves the investment of assets it holds in Bahrain and throughout the world. Its counterparties and customers are primarily other banks located mainly in the Middle East and Europe.

5. Prior to the commencement of the Foreign Proceeding, a dispute arose between two Saudi Arabian family conglomerates—the Saad Group (of which Awal Bank is a part) and the Al Gosaibi Group. The dispute involves, among other things, allegations that Maan Abdulwaheed Al Sanea ("Al Sanea"), the controlling shareholder of Awal Bank, orchestrated a fraud in which he obtained loans from foreign banks using forged and falsified documents and then diverted the funds received for his own use. Litigation regarding this dispute is ongoing in multiple foreign fora, including New York, Saudi Arabia and the Cayman Islands. As set forth more fully below, Awal Bank was named as a third-party defendant in the New York litigation. In light of the magnitude of the litigation and the global economic crisis, Awal Bank began experiencing a liquidity squeeze.

6. The Central Bank of Bahrain ("CBB") is the government entity responsible for regulating the financial services industry in Bahrain. See Decree Law No. 64 of 2006, the Central Bank of Bahrain and Financial Institutions Law ("CBBFIL"), art. 4(4). By Resolution No. 38 of 2009, dated July 30, 2009, the Governor of the CBB placed Awal Bank in administration, thereby commencing the Foreign Proceeding. By Resolution No. 44 of 2009, dated August 6, 2009, the Governor of the CBB appointed Charles Russell, based in London, England, to serve as External Administrator of Awal Bank. A copy of the Resolutions are included as an exhibit to the *Declaration Of Stewart Hey As Representative of Charles Russell,*

3

*LLP, As External Administrator Of Awal Bank, BSC, In Support Of Chapter 15 Petition And Motion For Provisional Relief* (the "Hey Chapter 15 Declaration") dated September 30, 2009. A copy of the Hey Chapter 15 Declaration and the *Supplemental Declaration* (the "Hey Chapter 15 Declaration Supplement") dated October 19, 2009 with exhibits thereto, are attached hereto as Exhibit A.

7. As part of the External Administrator's efforts to equitably administer Awal Bank's worldwide assets pursuant to the Foreign Proceeding's supervision, on September 30, 2009 (the "Petition Date"), the External Administrator filed a *Verified Petition For Recognition Of Foreign Proceeding And Motion For Provisional Relief*, thereby commencing the case (the "Chapter 15 Case") under chapter 15 of the Bankruptcy Code. See 11 U.S.C. §§ 1504 and 1515. Shortly thereafter, on October 27, 2009, this Court signed the Recognition Order, stating that Charles Russell, acting as External Administrator, is the duly appointed foreign representative of the Debtor and granting the Foreign Proceeding recognition as a foreign main proceeding. Since the Petition Date, the External Administrator has been operating and managing the Debtor's business and property located in the United States pursuant to the rights and duties bestowed on it as the chapter 15 foreign representative.

8. For detailed background to these matters, and for detail as to Awal Bank's business, the Foreign Proceeding, and the activities of the External Administrator up to October 19, 2009, I respectfully refer the Court to my previous declarations, the Hey Chapter 15 Declaration and the Hey Chapter Declaration Supplement attached hereto as Exhibit A.

9. For further detail as to the applicable governing Bahraini law, including an English translation of the relevant provisions of the CBBFIL, I respectfully refer the Court to the

Declaration *of Haya Al Khalifa* dated September 30, 2009 and exhibits thereto attached hereto as Exhibit B.

### B. Current Activities of the External Administrator

10. Following the placing of Awal Bank into administration, the External Administrator has commenced suits against creditors in an effort to protect or recover Awal Bank's assets. Similarly, creditors have commenced suits against Awal Bank seeking recovery of sums they claim are owed to them by Awal Bank or its shareholders. Due to Awal Bank's geographical spread of assets, such litigation has been commenced in multiple jurisdictions.

11. Prior to the commencement of the Foreign Proceeding, on July 15, 2009, one of Awal Bank's largest creditors, Ahmad Hamad Al Gosaibi & Brothers Company ("AHAB"), a partnership based in the Kingdom of Saudi Arabia, commenced a New York state court action styled as *Ahmed Hamada Al Gosaibi & Brothers Company v. Maan Abdulwaheed Al Sanea and Awal Bank BSC*, Index No. 590643/2009 (Sup. Ct. N.Y. County) (Lowe, J.) (the "AHAB NY Action"). The AHAB NY Action alleges, among other things, that Awal Bank and Al Sanea, the previous Chairman of the Board of Directors and the Executive Committee of Awal Bank, have an obligation to indemnify AHAB against any judgment entered against AHAB in an action filed in May 2009 in New York Supreme Court, styled as *Mashreqbank v. Ahmed Hamad Al Gosaibi & Brothers Company*, Index. No. 601650/2009 (together with the related actions filed in New York Court Supreme Court, the "New York State Court Actions") in which plaintiff is seeking $150 million plus costs and interests against AHAB. AHAB, in turn, seeks indemnification of that amount, plus $1 billion in damages, from Al Sanea and Awal Bank pursuant to the AHAB NY Action.

5

12. The entry of the Recognition Order stayed the AHAB NY Action as against Awal Bank. On July 26, 2010, Hon. Richard B. Lowe III issued a decision, *inter alia*, dismissing the AHAB NY Action against Awal Bank and Al Sanea on the grounds of *forum non conveniens* and dismissing other claims in the remaining New York State Court Actions (the "Dismissal Order"). AHAB appealed the Dismissal Order as it relates to the other New York State Court Actions, but did not appeal the dismissal of the AHAB NY Action against Al Sanea and Awal Bank.

13. Prior to the commencement of the Foreign Proceeding, AHAB also commenced an action in the Cayman Islands Court against Al Sanea and a number of Awal subsidiaries seeking to recover approximately $9.2 billion. Al Sanea challenged the Cayman Court's jurisdiction over him and, as a result, the proceedings were stayed. AHAB has filed an application with the Cayman Island's Court of Appeal for leave to appeal the decision to stay the proceedings, which is set to be heard in November 2010.

14. In addition to this suit in the Cayman Islands, there are a number of active suits in Bahrain, Kuwait, Saudi Arabia, Switzerland and England that Charles Russell is engaged in as External Administrator of Awal Bank. Notably, the High Court of Justice of England and Wales (the "English Court") recognized the Bahraini administration of Awal Bank as a foreign main proceeding. The English Court ordered a suspension of the right to encumber or otherwise dispose of any Awal Bank's assets to the extent necessary to protect such assets and the interests of creditors worldwide.

15. The External Administrator, and its financial advisor, Baker Tilly Restructuring and Recovery LLP and Baker Tilly Corporate Finance Limited LLP, an international accounting firm, continually assess the current position regarding the extent and realization of Awal Bank's assets and the current claims on those assets. Also, the External Administrator continues to keep

the creditors of Awal Bank updated as to the progress and developments surrounding the administration, as well as providing estimates as to the current costs incurred in carrying out the administration.

### C. The Chapter 11 Case

**The Circumstances and Effects of the Chapter 11 Filing**

16. In furtherance of its efforts to administer the assets of Awal Bank, the External Administrator identified potential preferential and other transfers detrimental to Awal Bank's creditors. As a result, the External Administrator determined it was in the best interests of the creditors of Awal Bank to commence a chapter 11 case to pursue potential avoidance actions.

17. Thus, on October 21, 2010 (the "Chapter 11 Petition Date"), Charles Russell, as External Administrative and duly authorized foreign representative, filed a subsequent petition for relief under chapter 11 of the Bankruptcy Code pursuant to Bankruptcy Code Sections 1511(a)(2) and 301 (the "Chapter 11 Petition"), thereby commencing this chapter 11 case (the "Chapter 11 Case," and together with the Chapter 15 Case, the "Cases").

18. Charles Russell, as foreign representative and External Administrator of the debtor in possession in the Chapter 11 Case, continues to operate the Debtor's business and manage the Debtor's property.

19. The External Administrator anticipates that the effects of the Chapter 11 Case will be restricted to a very limited amount of assets within the territorial jurisdiction of the United States (the "US Assets"), and to the extent necessary to implement cooperation and coordination with the Foreign Proceeding, certain other assets of the Debtor that are within the jurisdiction of

this Court and not subject to the jurisdiction and control of the Foreign Proceeding (the "Non-US Assets," together with the US Assets, the "Chapter 11 Assets").

20.  Also, Charles Russell, as External Administrator, has engaged professionals and is paying such professionals from Awal Bank funds that are under the jurisdiction and control of the Foreign Proceeding. Charles Russell, as External Administrator, intends to pay any costs associated with the retention, compensation and expenses of any additional professionals rendering services in connection with the Cases in accordance with the statutory provisions of the CBBFIL governing the Foreign Proceeding.

**The Goal and Purpose of the Chapter 11 Filing**

21.  Charles Russell's primary goal as External Administrator is to ensure the interests of Awal Bank's creditors are protected through the identification of outstanding claims and development of proposals for satisfying those claims to the extent permitted by realizing upon the assets of Awal Bank, which assets may then be distributed in accordance with the priority and distribution scheme of the CBBFIL. With assets spread throughout the world, but focused in the Middle East, the Caribbean and Europe, the External Administrator believes cooperation and coordination with United States courts is necessary to accomplish this goal. The External Administrator initiated the Cases with a narrow yet integral purpose – to aid in the administration and realization of Awal Bank's United States assets.Thus, the External Administrator believes the limited powers it is invoking in the Chapter 11 Case will aid in the efficiency of the administration of Awal Bank's worldwide assets.

22.  Given the global reach of the administration of Awal Bank and the logistical difficulties in actively managing litigation commenced in a number of different jurisdictions, the

External Administrator believes that it is necessary and in the best interests of creditors and all others affected thereby for all pending cases and proceedings pending world-wide to be centralized and coordinated with the Foreign Proceeding. Accordingly, the External Administrator maintains the importance of entrusting the distribution of the Chapter 11 Assets to Charles Russell, acting as External Administrator and duly authorized foreign representative, for distribution in the Foreign Proceeding in accordance with the statutory provisions of the CBBFIL. The distribution of Chapter 11 Assets in the Foreign Proceeding ensures efficiency and an ease of administration, particularly considering that the claims resolution process is well underway in the Foreign Proceeding as all creditors seeking recoveries from Awal Bank have already filed proofs of claim against Awal Bank with the expectation that distribution of Awal Bank's worldwide assets will be made in accordance with the priority and distribution scheme set forth in the CBBFIL. Moreover, the External Administrator believes that the Bankruptcy Code Section 1522 provides sufficient protection to all creditors and other interested parties affected by the Chapter 11 Case.

23. Notably, Charles Russell, as External Administrator and duly authorized foreign representative, does not intend on filing a plan of reorganization (or liquidation) in this Chapter 11 Case because the distribution of the Chapter 11 Assets will ultimately be administered under the supervision of the CBB or its representative in the Foreign Proceeding pursuant to the statutory provisions of the CBBFIL.

### Creditors and Confidentiality in the Chapter 11 Case

24. In the Foreign Proceeding, Charles Russell, as External Administrator, has adopted a good and workable protocol for sharing information with creditors. First, subject to

the execution of a confidentiality agreement, all creditors that file a proof of claim in the Foreign Proceeding are invited to attend a quarterly meeting with the External Administrator and the CBB whereby creditors receive a presentation providing an update regarding the status of the administration of Awal Bank's assets and all attendees are given an opportunity to voice concerns and raise issues relating to the administration of Awal Bank's assets. All of the creditors listed on the Top 20 Creditors' List, in addition to many other creditors, are represented at these quarterly meetings.

25. Second, in the Foreign Proceeding, an informal creditors' committee ("ICC")[1] consisting of five of the largest creditors serves as a sounding board through which the External Administrator and the CBB receive creditor feedback regarding various case administration issues. As such, the ICC serves a function quite similar to that of an official committee of unsecured creditors appointed under Bankruptcy Code Section 1102.

26. Accordingly, the creation of an official committee of unsecured creditors in the Chapter 11 Case would create an additional, duplicative burden on the Debtor's resources because any such committee would be performing services redundant to the services provided by the ICC in the Foreign Proceeding and pertinent case information is already provided to creditors at the quarterly creditors' meetings. Given that the Foreign Proceeding already involves all known United States creditors and in light of the limited scope of the Chapter 11 Case, the External Administrator believes that there is no need for an official committee of unsecured creditors in the Chapter 11 Case.

---

[1] Members of the ICC include Abu Dhabi Islamic Bank, Calyon (a subsidiary of Credit Agricole), Commerzbank/Dresdner, Gulf International Bank and HSBC. The ICC also represents approximately 40 other creditors, nearly all based in the Middle East or Europe.

27. In the Foreign Proceeding, confidentiality is a key factor in maintaining the stability and efficiency of the administration of Awal Bank. Allowing creditors to circumvent the established protocol in the Foreign Proceeding by appearing in the Chapter 11 Case and receiving confidential information outside of a confidentiality agreement would disrupt the integrity of the Foreign Proceeding. Therefore, in light of the confidentiality restrictions imposed on creditors in the Foreign Proceeding (*i.e.*, requirement that creditors sign confidentiality agreements to participate in creditors' meetings and to receive certain case information), the External Administrator believes all creditors receiving information related to the Chapter 11 Case must sign confidentiality agreements.

28. Also, in the Foreign Proceeding, creditor-by-creditor claim information is treated as highly confidential and has not been provided to any creditors in the Foreign Proceeding, even those subject to a confidentiality agreement, to protect the interests of both Awal Bank and the individual creditors. In light of the ongoing litigation in multiple foreign jurisdictions and the sensitivity of the nature and amount of the various bank claims, the public availability of this information would be detrimental to both the individual creditors and Awal Bank. Moreover, as noted above, creditors have already filed proofs of claim in the Foreign Proceeding with the expectation that, notwithstanding litigation pending in multiple foreign fora, any distributions of Awal Bank's assets will be made in accordance with the statutory provisions of the CBBFIL. Thus, in recognition of the Foreign Proceeding's treatment of the confidential information to be provided in the schedules and in light of the fact that the claims resolution process is already well underway in the Foreign Proceeding, the External Administrator believes that filing the schedules and statements required under Bankruptcy Code Section 521(a)(1)(B) and Rule 1007(b) would disrupt the integrity of the Foreign Proceeding.

29. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: London, England
October 22, 2010

_____
Stewart Hey, Partner
*In his Capacity as Representative of
Charles Russell, LLP, London, as
External Administrator of Awal Bank, BSC
and not in his Personal Capacity*

# 1780954 v4

12