William J. Brown, Esq.
Allan L. Hill, Esq.
Phillips Lytle LLP
437 Madison Avenue, 34th Floor
New York, New York 10022
Telephone:  212-759-4888

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                                                :
                                                                                          :
AWAL BANK, BSC,                                              :          Chapter 11
                                                                                          :          Case No. 10-15518 (ALG)
                                                                                          :
         Debtor.                                                             :
                                                                                          :
------------------------------------------------------------x

## MOTION OF HSBC BANK USA, NATIONAL ASSOCIATION
## TO DISMISS CHAPTER 11 CASE

HSBC Bank USA, National Association ("**Bank USA**"), by its counsel, Phillips Lytle LLP, moves (the "**Motion**") pursuant to 11 U.S.C. § 1112(b) for an order dismissing this Chapter 11 case and, in support thereof, respectfully represents as follows:

## INTRODUCTION

1.  This case should be dismissed because the debtor has evidenced a pattern of failing to file even the most basic disclosure documentation in accordance with the Bankruptcy Code and appears to have neither the intention nor the ability to file a confirmable Chapter 11 plan.  As such, numerous factors constituting cause for dismissal under Section 1112(b) are satisfied.  This case, which has been pending for nearly four months, has only resulted in the incurrence of approximately $175,000 in legal fees to no

end except a lengthy rear-guard action by the debtor against complying with even the most basic and customary disclosure requirements of Chapter 11. Allowing this case to go forward is likely to result in similar attempts by the debtor to avoid filing a plan and distributing Chapter 11 assets, if any, pursuant to the plain language of the Bankruptcy Code. This wasteful process should end now.

## BACKGROUND

2. The basic background facts describing Bank USA's claims against the above-captioned debtor (the "**Debtor**") and the Debtor's alleged avoidance claims against Bank USA are set forth in the objection filed by Bank USA (the "**Protocol Motion Objection**") (Docket No. 23) to the Debtor's motion for entry of an order establishing protocol for this Chapter 11 case (the "**Protocol Motion**") (Docket No. 5) (Protocol Motion Objection, para. 1-7). Bank USA incorporates those facts by reference herein.

3. At the onset of this Chapter 11 case, Charles Russell, LLP, London, as External Administrator, filed the Protocol Motion, which sought approval of numerous procedures that were unprecedented and unsupported by the Bankruptcy Code and applicable law including the right to (a) distribute Chapter 11 Assets (as defined in the Protocol Motion) through the Debtor's Bahrain insolvency proceeding pursuant to Bahrain insolvency law, (b) proceed with a Chapter 11 case without an intention to file a Chapter 11 plan, and (c) avoid customary disclosure requirements of U.S. Bankruptcy law, such as filing statements and schedules.

4. At a hearing on October 26, 2010, this Court declined to approve the Protocol Motion until creditors were given an opportunity to respond. Consequently, Bank USA filed the Protocol Motion Objection. The Debtor promptly withdrew the

Protocol Motion and informed (but was not authorized by) the Court that it would file statements and schedules limited to the Debtor's U.S. assets and liabilities (Docket No. 24).

5. On January 5, 2011, the Debtor filed its statement of financial affairs and schedules of assets of liabilities (the "**Statement**" and the "**Schedules**") (Docket Nos. 36 and 37). The Statement and Schedules are a parody of the disclosures required by and commonly filed in Chapter 11 bankruptcy cases; in this case the Statement and Schedules contain almost no information about the Debtor's assets and liabilities, and list only one creditor: Bank USA. The Statement and Schedules thereby flaunt their disclosure purpose, and underscore the intrinsic problems with this bankruptcy case: either this is truly a bankruptcy case filed for the benefit of one creditor (the same creditor which the Debtor purports to be the source of the Chapter 11 estate's assets), or the Debtor seeks to distribute U.S. assets to creditors for which it has not made appropriate disclosures under the Bankruptcy Code and applicable law.

6. These problems were further highlighted at the Section 341 meeting of creditors held by the Office of the United States Trustee (the "**UST**") on January 26, 2011. In response to questions from the UST and Bank USA's counsel, the Debtor responded that it had not determined that it would file a Chapter 11 plan, and did not answer directly whether it intends to distribute assets to non-U.S. creditors. The Debtor did acknowledge that, whatever course of action it decided to take, it would require further relief from the Court, but no further specifics were provided as to what relief the Debtor would ultimately seek. Such statements imply that (a) the Debtor is likely to seek unprecedented procedures which are not contemplated by the plain language of the

3

Bankruptcy Code to administer this Chapter 11 case, and (ii) that the Debtor either does not currently have a course of action in mind for proceeding with this Chapter 11 case or does not wish to disclose such course of action with the Court or parties-in-interest.

**GROUNDS FOR RELIEF**

7. This case should be dismissed pursuant to Section 1112(b) of the Bankruptcy Code. In relevant part, Section 1112(b) provides that:

> "(b) (1) Except as provided in paragraph (2) of this subsection…on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter whichever is in the best interests of creditors and the estate, if the movant establishes cause."

The exception provided for in subparagraph 2 of Section 1112(b) requires that there be "a reasonable likelihood that a plan will be confirmed within the timeframes established in Sections 1121(e) and 1129(e) of the Bankruptcy Code (or, in certain situations, a reasonable period of time). Since the Debtor has already indicated it does not intend to file any sort of plan in this case (See Protocol Motion p. 16), this exception does not apply.

8. Section 1112(a)(4) sets forth numerous factors constituting "cause" for dismissal, including:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(F) unexcused failure to satisfy timely any filing or reporting requirements established by this title or by any rule applicable to a case under this chapter; and

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

4

At a minimum, each of the foregoing subsections have been met, and grounds for dismissal exist:

    a.    Subsection (A) - The Debtor has previously stated it has no intention of filing a Chapter 11 plan and declined to commit to filing a plan at the Section 341 meeting, although a plan is clearly required under Chapter 11.

    b.    Subsection (F) -

    (i) - The Debtor has now filed its Schedules, which list one creditor. Such a filing is inconsistent with the list of the Debtor's Top 20 creditors filed with the Debtor's chapter 11 bankruptcy petition, and is thus clearly inconsistent with the requirements of Section 521 that a Debtor shall file "a schedule of assets and liabilities" and a "statement of the debtor's financial affairs…" unless the court orders otherwise. No such order exempting the Debtor from Section 521's requirements has been entered in this case, and the Statement and Schedules are clearly not true and correct[1].

    (ii)    The Debtor's Operating Statements are also devoid of the necessary information required by and expected by the UST. See Docket Nos. 38, 39 and 40.

    (c)    Subsection (J) – Based upon the Statement and Schedules filed by the Debtor, it is not only unable to file a Disclosure Statement and confirm a Plan, but it also stated at the Section 341 meeting that it had not determined that it would file a Chapter 11 plan. All of this seems to amount to the Debtor's gambit to make this a game of cat and mouse. The Code was not designed to require creditors and the UST to "chase

---

[1] The Foreign Administrator executed the Schedules, stating under penalty of perjury that such Schedules are "true and correct to the best of my knowledge". Each Schedule form clearly states that the information listed therein comprises all of the relevant information with respect to the debtor. For instance, Schedule F, in which the Debtor has only listed Bank USA, requires the listing of "all entities holding unsecured claims without priority against the debtor, as of the filing date of the petition".

the debtor down the highway of Chapter 11" seeking to have the Debtor comply with truly typical and ordinary statutory and role requirements at each turn. In re Tornheim, 181 B.R. 161, 164 (Bankr.S.D.N.Y. 1995) ("Neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it.")

9. At the Section 341 meeting, the UST requested that the Debtor amend the Statement and Schedules to reflect the claims (including the amount) of the Debtor's creditors. The Debtor indicated that confidentiality restrictions in the Bahrain proceeding may restrict its ability to disclose such information, but that it would either comply with the UST's request or seek relief from the Court exempting it from disclosing this information. Despite being faced with this reality since its petition date and certainly by the October 26, 2010 hearing, the Debtor persists in its non-disclosure gambit.

10. The case should also be dismissed for lack of good faith. It is a quintessential basis of being eligible to file and prosecute a Chapter 11 case that the case be filed with the intention of benefiting from a reorganization chapter and be progressed in compliance with the requirements of applicable law and orders of the Court. See e.g. In re C-TC 9th Avenue Partnership, 113 F. 3d 1304, 1309 (2d Cir. 1997) ("while a debtor may conclude Chapter 11 proceedings by liquidating and may even enter them with an intent to liquidate if necessary, there is no reason a debtor should be permitted to enter these proceedings without a possibility of reorganization."); Tornheim, 181 B.R. at 164 ("To reap the benefit of chapter 11, the debtor must pay the price of disclosure; he or she needs to provide financial and the relevant information to the creditors to inform them and the Court about the progress and status of the case.")

11. The Debtor has failed to meet customary, but material, Chapter 11 requirements despite numerous opportunities to do so; upon filing its Chapter 11 petition, after receiving significant feedback from this Court at the first day hearing, following the filing of the Protocol Motion Objection, and upon filing its Statement and Schedules. On its face, this begrudging approach to compliance has been clearly without a visible level of good faith to file, prosecute and maintain a Chapter 11 case as required by and expected by the norms of Chapter 11. While it is unlikely that the Debtor will acknowledge its own bad faith, the objective evidence speaks loudly about the Debtor's intentions. The failure to oblige the process has been persistent, secretive and in aide of avoiding obligations under the Code. There is no rehabilitation (by the Debtor's own admission) contemplated. In fact, this case appears to be pursued by the Debtor in a manner that specifically targets and treats Bank USA unfairly for coercive purposes.

12. Bank USA expects that the Debtor may ultimately argue that Section 1528 of the Bankruptcy Code provides authority for the limited disclosures it has made in this case. Section 1528 states, in relevant part, that "a case under another chapter of this title may be commenced only if the Debtor has assets in the United States. The effects of such case shall be restricted to the assets of the debtor that are within the territorial jurisdiction of the United States…" However, even assuming for the sake of argument that Section 1528 exempts the Debtor from certain customary disclosure requirements with respect to its Chapter 11 assets, such provisions would not address the Schedules filed by the Debtor, which lack adequate disclosures of the Debtor's *liabilities*.

13. Although there could be a colorable argument that scheduling only U.S creditors would be appropriate only if the Debtor intended for U.S. creditors to share

alone the Debtor's U.S. assets, this is clearly not what the Debtor intends to do. Such an approach would result in the absurd exercise of the Debtor attempting to avoid an alleged avoidable transfer to Bank USA for the purpose of distributing the entire proceeds of such avoidance action (minus the Debtor's legal fees) back to Bank USA.

14. There is, however, absolutely no authority from this Court or under the Bankruptcy Code or applicable law to distribute Chapter 11 assets to foreign creditors who do not have U.S. allowed claims. Under Sections 502 and 1111 of the Bankruptcy Code, there are only two avenues for a creditor to have an allowed claim against a Chapter 11 estate: through a scheduled claim or filing of proofs of claim[2]. Moreover, under Section 1115(b), the only contemplated avenue for assets to be distributed by a debtor under Chapter 11 is through a plan[3]. Assuming the Debtor seeks to ultimately distribute assets it hopes to collect from Bank USA to other creditors, it is required under Chapter 11 to schedule those creditors and distribute estate assets pursuant to Chapter 11.

15. The Debtor's statements at the Section 341 hearing suggest that it is not intending to proceed with this Chapter 11 case pursuant to the plain language of the Bankruptcy Code. Instead, the Debtor seems to believe that, because this Chapter 11 case was filed by a foreign administrator via Section 1511, there is some basis for it to proceed with a customized Chapter 11 proceeding that ignores much of Chapter 11. Such assumption has no basis in the Code or applicable law. As set forth in the Protocol Motion Objection, there is no provision in Chapter 15 (including Section 1528) that

---

[2] A Foreign Administrator does not have the right to file a proof of claim on behalf of non-U.S. creditors. In re Griffin Trading Company, 270 B.R. 883, 894 (N.D. Ill. 2001).

[3] Even if the Debtor subsequently converted this case to a Chapter 7, proofs of claims would be required for a creditor to have an allowed claim. Whether or not a creditor may file a proof of claim, however, does not exempt a Debtor from its obligation to file true and correct schedules and statements, and the Debtor does not deny it has the information to do so.

contemplates that a case filed by a foreign administrator under another Chapter of the Bankruptcy Code would be exempt from some or all of the provisions of the relevant Chapter.

16. As such, there is no basis in law or equity for the Debtor to evade the requirements that it submit complete disclosures and proceed with a Chapter 11 plan in accordance with the Code. Since the Debtor has not done so, and does not appear to intend to do so, dismissal is appropriate under Section 1112 of the Code.

## CONCLUSION

17. Despite having withdrawn its Protocol Motion, the Debtor nonetheless continues to seek implementation of much of the relief sought in the Protocol Motion on a "stealth" basis, incrementally and without authority from this Court. The ultimate goal of this exercise is to exercise avoidance powers only available to it in Chapter 11, without complying with Chapter 11 disclosure requirements or the Chapter 11 claim distribution process. Ultimately, it appears that the Debtor may seek authority to distribute U.S. Chapter 11 assets to foreign creditors, while disclosing in neither the U.S. or Bahrain proceeding basic information describing and quantifying its claims. Under such circumstances, Bank USA would have no ability to determine if it is being prejudiced as a U.S. creditor. To the extent Bahrain insolvency proceedings purportedly treat basic claim information as confidential, such restrictions do not exempt the Debtor from disclosing such information in a U.S. Chapter 11 proceeding which the Debtor freely chose to commence.

18. In conclusion, the Debtor's recent filings are evidence that the Debtor either intends to pursue either a course of action that is pointless and wasteful or a course

of action that is baldly contrary to the Bankruptcy Code and applicable law. Additionally, it is noteworthy that the Debtor is four months into this Chapter 11 case and has yet to disclose to the Court or parties-in-interest basic information regarding assets and liabilities or profoundly fundamental information such as whether it even intends to proceed with this case in accordance with the very Chapter of the Bankruptcy Code under which the case is filed. Under these circumstances, immediate dismissal of the case is appropriate and authorized under Section 1112.

WHEREFORE, for all the foregoing reasons, Bank USA respectfully requests that this Court (i) dismiss this Chapter 11 case and (ii) grant such further relief as is just and proper.

Dated: February 2, 2011

PHILLIPS LYTLE LLP

By /s/ William J. Brown
    William J. Brown, Esq.
    Allan L. Hill, Esq.
437 Madison Avenue, 34th Floor
New York, New York 10022
Telephone No. (212) 759-4888
Attorneys for
HSBC Bank USA, National Association

Doc # 05-399751.6