William J. Brown, Esq.
Allan L. Hill, Esq.
Phillips Lytle LLP
437 Madison Avenue, 34th Floor
New York, New York 10022
Telephone: 212-759-4888

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                         :
                                                              :
AWAL BANK, BSC,                                               :        Chapter 11
                                                              :        Case No. 10-15518 (ALG)
                                                              :
        Debtor.                                               :
                                                              :
                                                              :
-------------------------------------------------------------x

### OBJECTION OF HSBC BANK USA, NATIONAL ASSOCIATION TO MOTION OF CHARLES RUSSELL, LLP, AS EXTERNAL ADMINISTRATOR OF AWAL BANK, BSC, ON BEHALF OF DEBTOR TO APPROVE DEBTOR'S SCHEDULES, STATEMENT AND FORM OF OPERATING REPORT

HSBC Bank USA, National Association ("**Bank USA**") by its counsel, Phillips

Lytle LLP, objects (the "**Objection**") to the motion (the "**Motion**") of Charles Russell,

LLP, as External Administrator (the "**Administrator**") of Awal Bank, BSC (the

"**Debtor**") for entry of an order approving the Debtor's schedules, statement and form of

operating report (Docket No. 48), and, in support thereof, respectfully represents as

follows:

### SUMMARY OF OBJECTION

1.      The Motion seeks Court approval of Schedules that would not otherwise

comply with the Bankruptcy Code.  In support of this relief, the Debtor nonchalantly

points to numerous Chapter 15 provisions without specifying any specific language authorizing such relief. The Administrator's omission of such specific language is not an oversight - - the language does not exist. In fact, as set forth in detail below, the statutes themselves (Sections 1523 and 1525-1529) establish the opposite of the relief sought by the Administrator. Chapter 15 does not provide a basis for modifying substantive rights and obligations of parties in interest in cases under another chapter. As such, the relief requested in the Motion should be denied[1].

## OBJECTION

The Motion unsuccessfully attempts to weave together an argument utilizing several provisions of Chapter 15. In order of logical relevance, we discuss them below.

## I.  Section 1523

11 U.S.C. § 1523, upon which the Administrator heavily relies, provides:

(a)     Upon recognition of a foreign proceeding, the foreign representative has standing in a case concerning the debtor pending under another chapter of this title to initiate actions under sections 522, 544, 545, 547, 548, 550, 553 and 724(a).

(b)     When a foreign proceeding is a foreign nonmain proceeding, the court must be satisfied that an action under subsection (a) relates to assets that, under United States law, should be administered in the foreign nonmain proceeding.

2.       Section 1523 on its face provides a foreign representative with standing to initiate actions in a case concerning the debtor in another bankruptcy chapter. The Debtor, however, relies on that same section as authority for a sweeping range of deviations from the plain language of Chapter 11. Nothing in § 1523 supports the Debtor's position.

---

[1] The issues relating to the Motion in many respects overlap with the arguments made in the objection of Bank USA (the "**Protocol Motion Objection**") (Docket No. 23) to the Debtor's motion for entry of an order establishing protocol for this Chapter 11 case and Bank USA's motion to dismiss this Chapter 11 case, which is currently pending before this Court ("**Motion to Dismiss**") (Docket No. 44). To avoid redundancy, Bank USA incorporates by reference herein the Protocol Motion Objection and the Motion to Dismiss.

3.      Section 1523 does not even remotely provide a basis to enlarge, reduce or amend the rights and obligations of a Chapter 11 debtor in possession.  Instead, the statute is much less ambitious, addressing situations in which the foreign representative is not the embodiment of the Chapter 11 debtor.  This intention is evidenced by the initial phrase contemplating a proceeding under another bankruptcy chapter that is "pending"…"upon recognition of a foreign proceeding" (i.e. the case under another chapter precedes recognition of a foreign proceeding).  Since, pursuant to Section 1528, a foreign representative may only commence a case in another chapter *after* recognition of a foreign proceeding, a case under another chapter of the Code cannot be pending upon recognition of a Chapter 15 case if the foreign representative is the alter ego of the debtor-in-possession.

4.      As such, § 1523 was meant only to ensure that the foreign representative has standing that it would not have otherwise had in a case concerning the debtor under another chapter, not to modify rights or obligations it already has as a chapter 11 debtor-in-possession. Any other interpretation of this statute would be absurd; as a Chapter 11 debtor-in-possession, Awal's Chapter 11 estate already has the right to initiate avoidance actions, and does not need an additional grant of authority or standing from Chapter 15 to do so.

5.      The purpose of this section is further clarified by language in § 1523(b) that the Debtor conveniently neglected to discuss: for the foreign administrator to have the independent standing to pursue avoidance actions contemplated in § 1523(a), such action must relate to assets that "under United States law, should be administered in the

foreign nonmain proceeding"[2]. Such actions "would necessarily involve assets initially subject to the jurisdiction of the country hosting the foreign nonmain proceeding that were subject to an avoidable transfer," (8 Collier on Bankruptcy, ¶1523.02 (15th ed. 2009), which is not the case here[3].

6.      Section 1523 does not remotely suggest that a chapter 11 debtor subject to a contemporaneous chapter 15 case is exempt from any of its obligations under Chapter 11[4]. No authority or language exists under § 1523 to support the Debtor's sweeping conclusions in paragraph 41 of the Motion.

## II.      Section 1525

11 U.S.C. § 1525 provides:

(a)     Consistent with section 1501, the court shall cooperate to the maximum extent possible with a foreign court or a foreign representative, either directly or through a trustee.

(b)     The court is entitled to communicate directly with, or to request information or assistance directly from, a foreign court or a foreign representative, subject to the rights of a party in interest to notice and participation.

7.      The Debtor argues that § 1525, along with §§ 1526 and 1527, "enable the External Administrator to seek relief from the Court that will facilitate cooperation and coordination of the Chapter 11 Case with the Foreign Main Proceeding.", which in the Debtor's view, includes exemption from the Code's disclosure requirements and

---

[2] Section 1523(b) is discussed here for illustrative purposes only. It does not apply in this case, since it applies only to a "foreign nonmain proceeding", and the Bahrain proceeding is a foreign main proceeding.

[3] In fact, if any purported assets of this Debtor were recoverable by the Chapter 15 administrator (not the Chapter 11 debtor-in-possession) and under U.S. law should be administered in the foreign proceeding, then there would be instant grounds for this Chapter 11 case to be dismissed for lack of a single U.S. asset.

[4] To the extent that the Administrator seeks to assert avoidance powers under Section 1523 for the purpose of bypassing Awal's Chapter 11 estate, then a serious conflict would exist with its fiduciary duties to U.S. creditors as a Chapter 11 debtor-in-possession.

distribution procedures (See Motion, para. 38). This sweeping statement does not bear weight when examined in light of the language of these sections.

8.      Section 1525 is administrative in nature. Section 1525(b) is, in fact, explicitly administrative as it discusses the manner in which a bankruptcy court may communicate with a foreign court. Section 1525(a), while less explicit, is in a similar vein, a conclusion strongly supported by the modifying phrase "either directly or through the trustee," which would make little sense in the context of the Debtor's interpretation that this provision grants the court expansive discretion in modifying other chapters of the Code.

## III.     **Section 1526**

Turning to 11 U.S.C. § 1526, it provides:

(a)      Consistent with section 1501, the trustee or other person, including an examiner, authorized by the court, shall, subject to the supervision of the court, cooperate to the maximum extent possible with a foreign court or a foreign representative.

(b)      The trustee of other person, including an examiner, authorized by the court, is entitled, subject to the supervision of the court, to communicate directly with a foreign court or a foreign representative.

9.      Section 1526 is nearly identical to § 1525, except that it provides a trustee, examiner, or other person the similar ability to coordinate with a foreign proceeding. Once again, this provision is clearly administrative in nature and does not create substantive rights or authorize modification of other bankruptcy code provisions. Section 1526's nearly identical wording to § 1525 makes clear that § 1525 was not intended to provide a court with expansive powers to modify other chapters of the Code, since such powers obviously are not granted to a trustee or examiner under § 1526.

## IV.    Section 1527

Turning to 11 U.S.C. § 1527, it provides:

Cooperation referred to in sections 1525 and 1526 may be implemented by any appropriate means, including-

(1)    appointment of a person or body, including an examiner, to act at the direction of the court;

(2)    communication of information by any means considered appropriate by the court;

(3)    coordination of the administration and supervision of the debtor's assets and affairs

(4)    approval of implementation of agreements concerning the coordination of proceedings; and

(5)    coordination of concurrent proceeding regarding the same debtor

10.    Four of the five means listed in § 1527 are also clearly administrative in nature. Section 1527 is explicitly an enabling statute in support of §§ 1525 and 1526; by its plain language, it does not create rights beyond those set forth in those preceding sections. The legislative history of § 1527 supports this conclusion, and further confirms that neither § 1527, nor § § 1525 and 1526, were intended to create or override other substantive bankruptcy law:

Sec. 1527. Forms of cooperation. This section is identical to the Model Law. Bankruptcy courts already engage in most of the forms of cooperation described here, but they now have explicit statutory authorization for acts like the approval of protocols of the sort used in cases.

H.R. REP. 109-31(I), H.R. Rep. No. 31(I), 109TH Cong., 1ST Sess. 2005, 2005 WL 832198. Congress only intended to provide explicit authorization for the types of administrative protocols that were already occurring prior to the 2005 Bankruptcy Reform Act, not to dramatically expand such actions.

## V.    Section 1528[5]

11.    Section 1528 further clarifies the intention of Sections 1525 through 1527 when it specifically enables those Sections with respect to "other assets of the debtor that

---

[5] Bank USA has discussed Section 1528 to some extent in the Protocol Motion Objection (pp. 14 and 15) and Motion to Dismiss (pp. 12 to 15) and will not repeat those arguments here.

are within the jurisdiction of the court under sections 541(a) of this title and 1334(e) of

title 28, to the extent that such other assets are not subject to the jurisdiction and control

of a foreign proceeding that has been recognized under this chapter". By contrast, the

effects of a U.S. bankruptcy case under another chapter with respect to "assets of the

debtor that are within the territorial jurisdiction of the United States," (such as the

purported avoidance action against Bank USA) are not subject to those provisions. Once

again, the language on its face does not support the Administrator's position that §§ 1525

through 1527 are intended to amend the substantive law of other chapters of the

Bankruptcy Code.

## VI.    Section 1529

Finally, 11 U.S.C. § 1529 provides in pertinent part:

> If a foreign proceeding and a case under another chapter of this title are pending concurrently regarding the same debtor, the court shall seek cooperation and coordination under sections 1525, 1526, and 1527, and the following shall apply:

> [Section 1 is omitted as not applicable to this case, as the Chapter 15 preceded the Chapter 11]]

> (2)      If a case in the United States under this title commences after recognition, or after the date of the filing of the petition for recognition, of such foreign proceeding-

> (A)      any relief in effect under section 1519 or 1521 shall be reviewed by the court and shall be modified or terminated if inconsistent with the case in the United States: and

> (B)      if such foreign proceeding is a foreign main proceeding, the stay and suspension referred to in section 1520(a) shall be modified or terminated if inconsistent with the relief granted in the case in the United States.

> [Section 3 is omitted as not applicable to this case because it pertains to a foreign nonmain proceeding]

> (4)      In achieving cooperation and coordination under sections 1528 and 1529, the court may grant any of the relief authorized under section 305.

12.     As set forth above, subsections (1) and (3) explicitly do not pertain to this

case, in which the Chapter 15 proceeding was initiated over a year before the Chapter 11

case was commenced, and the foreign proceeding is not a foreign nonmain proceeding.

13.     Subsection (2) contains two provisions which only *limit* relief previously granted in the Chapter 15 proceeding to the extent such relief conflicts with the U.S. bankruptcy case under another chapter. As such, subsection (2) does not authorize the relief requested by the Debtors; in fact, to the contrary, it appears to support the primacy of the case commenced under another chapter when there is a conflict between such case and the Chapter 15 proceeding.

14.     Additionally, Subsection (4) states that forms of appropriate relief in support of cooperation and coordination under §§ 1528 and 1529 include *abstention* or *dismissal*. Bank USA believes that ultimately there is a unresolveable comity issue in this case: under Bahrain law confidentiality of basic information regarding a debtor's liabilities is paramount, while a fundamental pillar of United States bankruptcy law is transparency and disclosure. Although it would not serve the Debtor's goals in this proceeding, Section 305 appears to provide this Court with a means to resolve this intractable conflict.

## CONCLUSION

Fundamentally, an analysis of the Debtor's obligations should begin with Chapter 11 and only then move on to any potential interplay that Chapter 11 may have with Chapter 15. The Debtor instead attempts to begin, unconvincingly, with Chapter 15, as if Chapter 11's provisions are irrelevant. However, as set forth in detail herein, even on the Debtor's theory, Chapter 15 provides no specific statutory authority whatsoever for the exceptional relief it seeks. Instead, a clear reading of the provisions cited by the Debtor dictate quite the opposite. Left without any specific language authorizing the relief it seeks, the Debtor instead employs vague characterizations of Chapter 15's references to

cooperation and comity as a blank check entitling it to ignore Chapter 11 in nearly its entirety, with the exception of the right to assert avoidance powers. If Congress had envisioned such an outcome, it surely would have simply granted a Chapter 15 debtor the right to avoidance powers under U.S. law, as opposed to authorizing a Chapter 15 debtor to commence a Chapter 11 case with no intention to file a plan as contemplated under the plain language of Chapter 11 or even to make basic disclosures that virtually every Chapter 11 debtor has made at least since the 1978 Bankruptcy Act.

The Debtor paints itself as being in a difficult situation, and attempts to paint Bank USA as seeking to disrupt its good intentions. Although Bank USA has stated this in its prior pleadings, it merits repeating - - the Debtor freely chose to commence a Chapter 11 case for the purpose of suing Bank USA, being fully aware of Chapter 11's requirements. Bank USA's position has been consistent - - the Debtor is entitled to avail itself of Chapter 11, but it can not pick and choose which rights and obligations it wishes to enjoy.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Bank USA respectfully requests that this Court (i) deny the Motion and (ii) grant such further relief as is just and proper.

Dated: February 24, 2011

PHILLIPS LYTLE LLP

By /s/ William J. Brown
    William J. Brown, Esq.
    Allan L. Hill, Esq.
437 Madison Avenue, 34th Floor
New York, New York 10022
Telephone No. (212) 759-4888
Attorneys for
HSBC Bank USA, National Association